# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Little*, 2012 IL App (5th) 100547

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KELVIN LITTLE, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-10-0547 |
| Filed | October 9, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant lost his right to a direct appeal through no fault of his own and he used his original postconviction petition to reinstate his right to a direct appeal and, therefore, his subsequent postconviction petition was not a successive petition without leave of the trial court, and the denial of the petition on that ground was reversed and the cause was remanded for second-stage proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Randolph County, No. 02-CF-160; the Hon. Brian Babka, Judge, presiding. |
| Judgment | Judgment vacated; cause remanded. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Deborah K. Pugh, all of State Appellate Defender's Office, of Chicago, for appellant.

Randall Rodewald, State's Attorney, of Chester (Patrick Delfino, Stephen E. Norris, and Kelly M. Stacey, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE WEXSTTEN delivered the judgment of the court, with opinion.

Justices Spomer and Stewart concurred in the judgment and opinion.

**OPINION**

¶ 1    In September 2010, the trial court entered a written order denying the defendant, Kelvin Little, leave to file a *pro se* petition for postconviction relief. Contending that the trial court wrongly construed his petition as a "successive" petition, the defendant argues that we should vacate the court's judgment and remand his cause for further proceedings. For the reasons that follow, we agree.

¶ 2                                    BACKGROUND

¶ 3    In the fall of 2002, following separate jury trials, the defendant was found guilty of one count of attempted escape (720 ILCS 5/8-4(a), 31-6(a) (West 2002)) and one count of aggravated battery (720 ILCS 5/12-4(b)(6) (West 2002)). In December 2002, the trial court sentenced the defendant to two consecutive three-year terms on the convictions. Because the underlying offenses were committed while the defendant was in custody on separate felony charges unrelated to the present case, the court further ordered that the sentences be served consecutively to the sentences previously imposed on the convictions on the separate charges. 730 ILCS 5/5-8-4(h) (West 2002). In January 2003, the defendant filed a timely notice of appeal.

¶ 4    In August 2004, we affirmed the defendant's convictions on direct appeal, but because it was "not clear from the record what motivated the trial court to order that the sentences imposed on [the] defendant's aggravated battery and attempted escape convictions be served consecutively to each other," we remanded for resentencing. *People v. Little*, No. 5-03-0028, order at 2 (2004) (unpublished order under Supreme Court Rule 23). In October 2004, indicating that it was of the opinion that consecutive sentences were necessary to protect the public from further criminal conduct by the defendant (730 ILCS 5/5-8-4(b) (West 2002)), the trial court resentenced the defendant and again imposed consecutive three-year terms of

-2-

imprisonment on his convictions. The court also advised the defendant that he had 30 days to appeal from the judgment.

¶ 5 In April 2007, the defendant sent a letter to the circuit clerk asking whether his trial attorney had ever filed a notice of appeal following his resentencing hearing. The defendant indicated that he had wanted to pursue an appeal, that he had asked his attorney to file a notice of appeal on his behalf, and that his attorney had agreed to do so. In June 2007, the defendant sent a letter to the State Appellate Defender also inquiring about the situation. In response, the State Appellate Defender advised the defendant that because the opportunity to pursue a direct appeal had "long since passed," filing a petition pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 to 122-8 (West 2006)) was his "only recourse."

¶ 6 In December 2007, claiming that he had been denied the effective assistance of counsel due to his trial attorney's failure to file a notice of appeal following his resentencing hearing, the defendant filed a *pro se* petition for postconviction relief pursuant to the Act. The defendant alleged that although he had advised his trial attorney that he had wanted to appeal from the trial court's resentencing order, his attorney had failed to file a timely notice, and as a result, "his time for filing an appeal had expired." The defendant thus asked that the trial court grant him leave to file a late notice of appeal.

¶ 7 In January 2008, the trial court summarily dismissed the defendant's 2007 petition as untimely filed. The defendant appealed, and citing *People v. Boclair*, 202 Ill. 2d 89, 99 (2002) (holding that the Act does not authorize the first-stage dismissal of a postconviction petition on the basis of untimeliness), we reversed. *People v. Little*, No. 5-08-0061 (2008) (unpublished order under Supreme Court Rule 23). On remand, in its answer to the defendant's petition, the State advised that it had "no objection to the relief requested by the defendant."

¶ 8 In November 2008, the trial court granted the defendant's 2007 petition for postconviction relief and gave him 30 days to file a notice of appeal from the court's October 2004 resentencing order. The defendant subsequently filed a timely notice, and on appeal, he argued that the trial court had abused its discretion when resentencing him "because there was not a sufficient basis upon which to impose consecutive sentences for the protection of the public." In September 2009, noting, *inter alia*, that the defendant had a lengthy criminal record dating back to 1986, we rejected the defendant's claim of error and affirmed the trial court's judgment. *People v. Little*, No. 5-08-0635 (2009) (unpublished order under Supreme Court Rule 23).

¶ 9 In July 2010, the defendant filed a second *pro se* postconviction petition pursuant to the Act. In his second petition, which the trial court aptly described as "somewhat incomprehensible," the defendant alleged, *inter alia*, that he had not received a preliminary hearing on the charges underlying his convictions; that neither he nor his appellate counsel had been given a complete and adequate record of the trial proceedings; that appellate counsel had provided ineffective assistance for proceeding on direct appeal without a complete and adequate record; that the judge who had presided over his trial proceedings had done so under a conflict of interest; and that due to "an incorrect application of the

sentencing guidelines," the sentences imposed on his convictions were excessive.

¶ 10    In September 2010, the trial court entered a written order disposing of the defendant's second *pro se* postconviction petition. Noting that the defendant had filed a "first petition" in December 2007, the court construed the second petition as a request for leave to file a successive petition and held that the defendant had failed to satisfy the requisite cause-and-prejudice test. The court also noted that the defendant's second petition did not allege actual innocence. The court thus denied what it construed as the defendant's "request for leave to file a successive post-conviction petition." The defendant subsequently filed a timely notice of appeal.

¶ 11    DISCUSSION

¶ 12    The Act sets forth a procedural mechanism through which a defendant can assert that "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2010). The Act provides a three-stage process for the adjudication of postconviction petitions in noncapital cases. *Boclair*, 202 Ill. 2d at 99. At the first stage, the trial court independently assesses a defendant's petition, and if the court determines that the petition is "frivolous" or "patently without merit," the court can summarily dismiss it. 725 ILCS 5/122-2.1(a)(2) (West 2010); *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). If a postconviction petition is not dismissed at the first stage, it advances to the second stage, where an indigent defendant can obtain appointed counsel and the State can move to dismiss his petition. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2010). At the second stage, the trial court determines whether the defendant has made a substantial showing of a constitutional violation, and if a substantial showing is made, the defendant's petition proceeds to the third stage for an evidentiary hearing; if no substantial showing is made, the petition is dismissed. *Edwards*, 197 Ill. 2d at 246.

¶ 13    "The Act is not a substitute for an appeal, but rather, is a collateral attack on a final judgment." *People v. Edwards*, 2012 IL 111711, ¶ 21. "Thus, '[t]he judgment of the reviewing court on a previous appeal is *res judicata* as to all issues actually decided, and any claim that could have been presented to the reviewing court in the direct appeal is, if not presented, thereafter barred under the doctrine of waiver.' " *People v. Stewart*, 121 Ill. 2d 93, 104 (1988) (quoting *People v. Silagy*, 116 Ill. 2d 357, 365 (1987)).

¶ 14    "The Act generally limits a defendant to one post-conviction petition." *People v. Holman*, 191 Ill. 2d 204, 210 (2000). "Successive postconviction petitions are disfavored under the Act[,] and a defendant attempting to institute a successive postconviction proceeding, through the filing of a second or subsequent postconviction petition, must first obtain leave of court." *People v. Gillespie*, 407 Ill. App. 3d 113, 123 (2010). To obtain leave of court to file a successive petition, a petitioner must either demonstrate "actual innocence" or satisfy the cause-and-prejudice test codified in section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2010)). *Edwards*, 2012 IL 111711, ¶¶ 22-24. "In this respect, section 122-1(f) of the Act acts as a procedural hurdle to any consideration of the claims in the postconviction petition." *People v. McDonald*, 405 Ill. App. 3d 131, 135 (2010). Moreover, "until such time

as leave is granted, a successive petition, though received or accepted by the circuit clerk, will not be considered 'filed' for purposes of further proceedings under the Act." *People v. Tidwell*, 236 Ill. 2d 150, 158 (2010). The denial of leave to file a successive postconviction petition is reviewed *de novo* (*McDonald*, 405 Ill. App. 3d at 135), as is the construction of the Act itself (*Tidwell*, 236 Ill. 2d at 156).

¶ 15    Relying primarily on federal *habeas* cases, the defendant argues that "where, as here, a petitioner files a second petition after a direct appeal that was ordered in response to an earlier petition, the second petition is not successive" for purposes of the Act. The defendant contends that the trial court thus erred in treating his second petition as a successive petition and subjecting it to the cause-and-prejudice test set forth in section 122-1(f).

¶ 16    Under federal law, "a petitioner incarcerated pursuant to a federal judgment cannot bring a 'second or successive' motion for habeas relief, unless he or she obtains permission from a court of appeals." *Urinyi v. United States*, 607 F.3d 318, 320 (2d Cir. 2010) (*per curiam*). The phrase " 'second or successive' " is not defined by statute (*Whab v. United States*, 408 F.3d 116, 118 (2d Cir. 2005)), but "[t]he Supreme Court has made clear that not every numerically second petition is 'second or successive' for purposes of [federal *habeas* review]" (*In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006)). The Supreme Court has further held that the phrase "second or successive" is a "term of art" (*Slack v. McDaniel*, 529 U.S. 473, 486 (2000)) whose meaning must be determined in "statutory context" and "with respect to the judgment challenged" (*Magwood v. Patterson*, 561 U.S.___, ___, 130 S. Ct. 2788, 2797 (2010)).

¶ 17    In *Urinyi*, after pleading guilty to federal drug charges, the defendant filed a *habeas* petition "arguing that he had been denied effective assistance of counsel because his attorney had failed to file a timely notice of appeal, despite [the defendant's] explicit instruction that the attorney do so." *Urinyi*, 607 F.3d at 319. Following an evidentiary hearing, the trial court granted the defendant's petition and allowed him to file a late notice of appeal. *Id.* After the defendant pursued a direct appeal, he filed a second *habeas* petition in which he attacked his conviction and sentence. *Id.* at 320. Finding that the petition was a " 'second or successive' " petition, the trial court determined that the defendant had to obtain leave from the court of appeals before filing it. *Id.* The court of appeals disagreed, however, noting that under federal law, every prisoner is afforded one full opportunity to seek collateral review of a judgment. *Id.* The court thus held that because the defendant's first petition "sought only reinstatement of [the] right to a direct appeal," his second petition was actually his first opportunity to seek collateral review and was therefore not a " 'second or successive' " petition. *Id.* at 321. The court of appeals further noted that a majority of the federal circuits had similarly held that a defendant who is forced to use a *habeas* petition to reinstate his right to a direct appeal should not be denied the opportunity to lodge a collateral attack, but should rather be "restored to the procedural posture he would have enjoyed if he had been represented by effective counsel who had timely filed a notice of appeal." *Id.*; see also *Storey v. Vasbinder*, 657 F.3d 372, 378 (6th Cir. 2011) (joining the "majority of circuits" holding that a *habeas* petition "filed after a remedial appeal, ordered in response to an earlier petition, is not second or successive").

¶ 18    Our supreme court has noted that it "has in the past relied on *habeas* case law in

interpreting and applying the Act" and that such reliance is particularly appropriate when evaluating provisions patterned after federal law. *People v. Hodges*, 234 Ill. 2d 1, 12 (2009). With respect to the legislative history of section 122-1(f), the court has further noted:

"In discussing the first sentence of subsection (f), which provides that '[o]nly one petition may be filed by a petitioner under this Article without leave of the court,' Senator Dillard stated: 'This would make Illinois law consistent with *federal law* by letting a prisoner have one post-conviction petition without court permission while requiring that he or she formally seek leave of the court to file additional petitions.' " (Emphasis in original.) *Edwards*, 2012 IL 111711, ¶ 28.

¶ 19       With this deference in mind, we adopt for purposes of the Act the reasoning set forth in *Urinyi* and employed by a majority of the federal circuits. We find the reasoning well-founded and thus hold that where a defendant files an initial postconviction petition seeking only to reinstate the right to a direct appeal that was lost due to counsel's ineffectiveness, a subsequent petition is not a successive petition for purposes of section 122-1(f). Federal law aside, we believe that this holding is also consistent with Illinois Supreme Court precedent regarding the Act and the right to a direct appeal.

¶ 20       "A criminal defendant has no federal constitutional right to a direct appeal, but under the Illinois Constitution the right to appeal a criminal conviction is fundamental." *People v. Ross*, 229 Ill. 2d 255, 268 (2008); see also *People v. Wright*, 311 Ill. App. 3d 1042, 1046 (2000) (noting that "[i]n Illinois[,] there is a constitutional and statutory right to appeal a criminal conviction"). "A defendant whose attorney never filed a notice of appeal is entitled to that appeal, not its functional equivalent." *Ross*, 229 Ill. 2d at 269. Our supreme court has accordingly held that the Act "is flexible enough to include leave to file a late notice of appeal among the remedies available to a trial court in a postconviction proceeding" and that "when a postconviction petitioner demonstrates that defense counsel was ineffective for failing to file a notice of appeal, the trial court may allow the petitioner leave to file a late notice of appeal." *Id.* at 271. Referencing instances where "successive" postconviction petitions have been allowed when the proceedings on the original petitions were "virtual nullities," our supreme court has further held that the Act affords every imprisoned defendant " 'one complete opportunity to show a substantial denial of his constitutional rights.' " *People v. Free*, 122 Ill. 2d 367, 376-77 (1988) (quoting *People v. Logan*, 72 Ill. 2d 358, 370 (1978)).

¶ 21       With these principles in mind, we conclude that in statutory context, section 122-1(f)'s reference to "one petition *** without leave of the court" (725 ILCS 5/122-1(f) (West 2010)) refers to one complete opportunity to collaterally attack "the proceedings which resulted in his or her conviction" (725 ILCS 5/122-1(a)(1) (West 2010)). As previously indicated, we further find that where, as here, a defendant has been denied that opportunity because he used an initial petition solely to reinstate his right to a direct appeal that was forfeited through no fault of his own, he should be "restored to the procedural posture he would have enjoyed if he had been represented by effective counsel who had timely filed a notice of appeal." *Urinyi*, 607 F.3d at 321. In other words, because the defendant's "first petition was filed only to rescue his right of appeal," it was not a "true collateral attack" and should not be counted as such. *Johnson v. United States*, 362 F.3d 636, 638 (9th Cir. 2004). The defendant was

-6-

therefore not required to obtain leave of court before his second petition was considered filed, nor was he required to either demonstrate actual innocence or satisfy section 122-1(f)'s cause-and-prejudice test. We thus vacate the trial court's judgment construing the defendant's 2010 petition as a request for leave to file a successive petition and denying him leave to file it.

¶ 22 Citing our decision in *People v. Inman*, 407 Ill. App. 3d 1156 (2011), the defendant next argues that on remand, his petition must be docketed for second-stage postconviction proceedings because the trial court failed to determine within 90 days whether the petition was frivolous or patently without merit. We agree.

¶ 23 Under section 122-2.1 of the Act, "a court is required to review a petition within 90 days to determine whether it is frivolous and patently without merit" or else "the court *must* docket the petition for further proceedings." (Emphasis in original.) *Inman*, 407 Ill. App. 3d at 1162. This rule applies even if by honest mistake the trial court disposes of a postconviction petition on the erroneous belief that the petition was a successive petition brought without leave of court. *Id.* at 1163; *People v. Carter*, 383 Ill. App. 3d 795, 797-98 (2008).

¶ 24 "Here, the court did not determine the petition to be frivolous or patently without merit within 90 days, because it concluded that the petition was successive." *Inman*, 407 Ill. App. 3d at 1163. "We therefore conclude that, on remand, the petition must be docketed for second-stage proceedings" (*id.*), and we accordingly reject the State's suggestion that we "examine the record ourselves to determine whether [the] defendant's postconviction petition was frivolous or patently without merit" (*Carter*, 383 Ill. App. 3d at 798).

¶ 25 We lastly observe that although an attorney's failure to file a notice of appeal does not always constitute ineffective assistance of counsel (*People v. Torres*, 228 Ill. 2d 382, 401-04 (2008)), situations such as that presented here could be avoided if, as is often the case, the trial court orders the clerk of the court to file a notice of appeal on the defendant's behalf (see, *e.g.*, *id.* at 392; *People v. Barnett*, 2011 IL App (3d) 090721, ¶ 20). Whether to appeal is one of the few decisions that ultimately belongs to a criminal defendant (*People v. Clendenin*, 238 Ill. 2d 302, 318 (2010)), and once a timely notice of appeal has been filed for a defendant, he or she can subsequently decide whether to actually pursue the appeal or allow it to be dismissed for want of prosecution.

¶ 26 CONCLUSION

¶ 27 For the foregoing reasons, we vacate the trial court's judgment and remand the defendant's petition for second-stage proceedings under sections 122-4 through 122-6 of the Act (725 ILCS 5/122-4 to 122-6 (West 2010)).

¶ 28 Judgment vacated; cause remanded.