NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190090-U

NO. 4-19-0090

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 20, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| HECTOR U. ROSAS, | ) | No. 13CF1962 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Knecht and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court reversed and remanded, concluding the trial court erred where, in postconviction proceedings, it determined trial counsel's failure to timely file a postplea motion and Rule 604(d) certificate, constituted ineffective assistance of counsel but allowed defendant to file a late notice of appeal instead of a new postplea motion.

¶ 2    In November 2018, defendant, Hector U. Rosas, filed an amended postconviction petition alleging ineffective assistance of trial counsel for failing to timely file a motion to withdraw his guilty plea and certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).  Following a January 2019 hearing, the defendant prevailed on his ineffective assistance of counsel claim, and the trial court allowed for the late filing of a Rule 604(d) certificate and the late filing of the notice of appeal.

¶ 3    Defendant appeals, arguing (1) the trial court correctly found defendant was denied the effective assistance of counsel but it erred by not allowing defendant leave to file a

new postplea motion and (2) alternatively, his sentence should be vacated and his case should be remanded for a new sentencing hearing because the court failed to afford sufficient weight to substantial mitigation evidence. For the following reasons, we reverse the trial court's judgment and remand.

¶ 4                                                    I. BACKGROUND

¶ 5            In October 2014, defendant, Hector U. Rosas, pleaded guilty to predatory criminal sexual assault of a child, a Class X felony (720 ILCS 5/12-14.1(a)(1) (West 2012)). In November, defendant, while represented by counsel, filed a *pro se* motion to withdraw his guilty plea. On December 1, 2014, the trial court sentenced defendant to 30 years' imprisonment. On January 9, 2015, defense counsel filed a motion titled "amended motion to withdraw guilty plea and vacate the judgment or, in the alternative, to reconsider sentence." On January 14, 2015, counsel filed a Rule 604(d) certificate. That same month, the court held a hearing on counsel's motion. The court denied the amended motion to withdraw guilty plea and vacate the judgment or, in the alternative, to reconsider sentence.

¶ 6            Defendant appealed, and in June 2017, this court concluded it lacked jurisdiction because counsel failed to timely file a motion to withdraw defendant's guilty plea. Accordingly, this court dismissed defendant's appeal.

¶ 7            In April 2018, defendant filed a *pro se* postconviction petition. That same month, the trial court appointed the Champaign County public defender's office to represent defendant in postconviction proceedings. In August 2018, defendant, while represented by counsel, filed an amended postconviction petition alleging various claims of ineffective assistance of appellate counsel. In November 2018, counsel filed an amended postconviction petition alleging ineffective assistance of trial counsel for failing to timely file a motion to withdraw his guilty

plea and certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). Counsel alleged the absence of a timely postplea motion deprived defendant the opportunity to obtain appellate review of his guilty plea and sentence.

¶ 8 The State filed a response and conceded the Rule 604(d) certificate and the motion to withdraw defendant's guilty plea were "filed outside of the 30-day window and that there exists in the records suggestions that counsel should have been aware of defendant's desire to move to withdraw." The State noted defendant believed that, should he prevail on his postconviction claim, the matter should proceed to a hearing on his motion to withdraw his guilty plea and to reconsider his sentence. The State argued the trial court already held a hearing on his motion to withdraw his guilty plea and the court's denial of that motion constituted *res judicata* or law of the case. The State relied on *People v. Ross*, 229 Ill. 2d 255, 891 N.E.2d 865 (2008), and argued that where the effect of counsel's errors was the denial of appellate review, the court should allow a late notice of appeal even though that remedy was not specifically dictated by statute.

¶ 9 In January 2019, the trial court held a hearing on defendant's postconviction petition. Defense counsel explained the court could allow for the late filing of a Rule 604(d) certificate and a late notice of appeal. The State indicated it discussed the matter with defendant's trial attorneys and there was not an acceptable explanation for the failure to timely file the postplea motion.

¶ 10 The trial court took judicial notice of the January 2015 hearing on defendant's untimely postplea motion. The court ordered defendant be allowed to file a late Rule 604(d) certificate and a late notice of appeal. The court's written order indicated it denied in part and granted in part defendant's postconviction petition where the court denied defendant's request to

withdraw his plea and order a new trial, but granted defendant leave to file a late Rule 604(d) motion and a late notice of appeal. Counsel filed a "successive Rule 604(d) motion." Counsel noted he consulted with defendant and reviewed the trial court file, the report of proceedings of the guilty plea, and the report of proceedings of the sentencing hearing. The Rule 604(d) motion further stated counsel reviewed the amended motion to withdraw defendant's guilty plea, filed by counsel on January 9, 2015, and it adequately set forth defendant's claims and required no additional amendments. On January 29, 2019, counsel filed a "successive notice of appeal." On February 26, 2019, appellate counsel filed an amended notice of appeal.

¶ 11        This appeal followed.

¶ 12                                 II. ANALYSIS

¶ 13        On appeal, defendant argues (1) the trial court correctly found defendant was denied the effective assistance of counsel but it erred by not allowing defendant leave to file a new postplea motion and (2) alternatively, his sentence should be vacated and his case should be remanded for a new sentencing hearing because the court failed to afford sufficient weight to substantial mitigation evidence. Specifically, defendant argues the trial court never had jurisdiction to consider defendant's untimely postplea motion and, as a result, the motion and its denial are nullities. *People v. Flowers*, 208 Ill. 2d 291, 308, 802 N.E.2d 1174, 1184 (2003). The State concedes the trial court lacked jurisdiction to hear defendant's untimely postplea motion. The State further concedes the appropriate remedy requires defendant be granted leave to file a new postplea motion for the trial court to consider.

¶ 14        Where, as here, the issues on appeal are purely legal, our review is *de novo*. *People v. Herrin*, 385 Ill. App. 3d 187, 190, 895 N.E.2d 1075, 1077 (2008).

- 4 -

¶ 15    Here, the trial court concluded defendant's ineffective assistance of counsel claim deprived him of appellate review of the voluntariness of his guilty plea and the propriety of his sentence. Accordingly, the court allowed defendant to file a late Rule 604(d) notice and a late notice of appeal. However, the trial court lacked jurisdiction to rule on defendant's untimely postplea motion. *People v. Bailey*, 2014 IL 115459, ¶ 26, 4 N.E.3d 474 (the trial court loses jurisdiction 30 days after the entry of the judgment if no timely postjudgment motion is filed). Because the trial court lacked jurisdiction to hear defendant's untimely postplea motion, its ruling on the merits of the motion was void. *Id.* ¶ 28. Accordingly, there is no postplea judgment to review on appeal and the trial court's actions in permitting the filing of a late Rule 604(d) motion, and a late notice of appeal did not perfect this court's jurisdiction over defendant's case.

¶ 16    We acknowledge the trial court's reliance on *Ross*, 229 Ill. 2d 255. In *Ross*, the defendant was convicted, sentenced, and he filed a posttrial motion. *Id.* at 258. The trial court denied the posttrial motion and no direct appeal was filed. *Id.* Nearly two years later, the defendant filed a *pro se* postconviction petition alleging, in part, that he received ineffective assistance of counsel where counsel failed to file a timely notice of appeal. *Id.* at 259. The case proceeded through the postconviction petition process and the trial court concluded defense counsel was ineffective for failing to file a notice of appeal. *Id.* The court allowed the defendant to file a late notice of appeal *nunc pro tunc* to the date of sentencing. *Id.*

¶ 17    In the ensuing appeal, the State argued the appellate court lacked jurisdiction because the notice of appeal was untimely. *Id.* The Illinois Supreme Court allowed the State's petition for leave to appeal. *Id.* at 260. The supreme court examined remedies available to a postconviction petitioner whose trial counsel failed to file a notice of appeal. *Id.* at 257. The

supreme court affirmed the trial and appellate court's judgment allowing the defendant to file a late notice of appeal.  *Id.*

¶ 18     The Illinois Supreme Court noted the United States Supreme Court extended the protections of *Strickland v. Washington*, 466 U.S. 668 (1984) to ineffective-assistance claims where defense counsel failed to file a notice of appeal.  *Ross*, 229 Ill. 2d at 261 (citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)).  " '[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal.' "  *Id.* (quoting *Flores-Ortega*, 528 U.S. at 484).

¶ 19     The supreme court concluded the defendant satisfied the *Strickland* two-prong ineffective assistance of counsel analysis.  *Id.* at 261-62.  The supreme court concluded (1) that counsel's failure to file a notice of appeal was substandard where the defendant communicated his desire for a direct appeal and (2) "prejudice may be presumed when defense counsel's ineffectiveness rendered appellate proceedings nonexistent, essentially denying the defendant's right to appeal."  *Id.* at 262.  The supreme court then turned to consider "what relief a postconviction court may order to remedy defense counsel's failure to file a notice of appeal."  *Id.* at 263.

¶ 20     The supreme court concluded postconviction petition proceedings were not a substitute for a direct appeal and noted it had previously declined to bind a defendant to the acts of defense counsel in cases involving appeals dismissed for want of prosecution.  *Id.* at 269.  A line of appellate cases developed where defendants whose attorneys failed to file notices of appeal could file late notices of appeal.  *Id.* at 270.  The supreme court held that "when a postconviction petitioner demonstrates that defense counsel was ineffective for failing to file a

notice of appeal, the trial court may allow the petitioner leave to file a late notice of appeal." *Id.* at 271.

¶ 21　　　　We agree with the parties and the trial court that the reasoning in *Ross* is applicable in this case. However, *Ross* dealt with situations in which counsel failed to file a notice of appeal, that failure was raised in a postconviction petition, and the trial courts allowed the defendants to file late notices of appeal. Here, defense counsel failed to file a timely postplea motion pursuant to Rule 604(d). After the dismissal of his direct appeal, defendant filed a postconviction petition alleging the failure to timely file a postplea motion was ineffective assistance. The trial court agreed, took judicial notice of the hearing on defendant's untimely postplea motion, and allowed defendant to file a late notice of appeal. However, the court lacked jurisdiction to hold that hearing and its judgment denying the untimely postplea motion was void. *Flowers*, 208 Ill. 2d at 307 (circuit court's order was void because the court lacked jurisdiction over untimely Rule 604(d) motion). "A void order does not cloak the appellate court with jurisdiction to consider the merits of an appeal." *Id.* Accordingly, we find ourselves in the same position as on defendant's direct appeal.

¶ 22　　　　Defendant was correct to file a postconviction petition alleging ineffective assistance of trial counsel for failure to timely file a postplea motion. See *id.* (where counsel failed to file a timely Rule 604(d) motion, the defendant had an alternate remedy to seek relief via a postconviction petition proceeding). Our review of the record shows the parties and the trial court appeared to agree that failure constituted ineffective assistance of counsel, as do we. However, the court ordered the wrong remedy based on the reasoning in *Ross*. Applying the reasoning from *Ross* in this case, it is clear the appropriate remedy following the third-stage postconviction petition hearing should have been to allow defendant to file a new postplea

motion and, if he received an unfavorable ruling, to appeal. We recognize the trial court took judicial notice of the first hearing it held on defendant's untimely postplea motion. However, the court lacked jurisdiction to hold that hearing and the judgment entered on the untimely postplea motion was void. The court taking judicial notice of those proceedings does not change that fact.

¶ 23 Accordingly, we reverse and remand for the trial court to allow defendant to file a new posttrial motion. If defendant does not prevail on the new posttrial motion, he may file a notice of appeal, which would proceed as though he were on direct appeal from the trial court's ruling for the very first time. This remedies trial counsel's ineffective performance by allowing the trial court jurisdiction to hear and decide defendant's posttrial motion. Consequently, it will cloak this court with jurisdiction over that ruling on appeal, preserving defendant's constitutional right to direct appeal in accordance with *Ross*, 229 Ill. 2d at 269.

¶ 24                                III. CONCLUSION

¶ 25 For the reasons stated, we reverse the trial court's judgment and remand with instructions.

¶ 26 Reversed and remanded with instructions.