NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210730-U

NO. 4-21-0730

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 14, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| HECTOR U. ROSAS | ) | No. 13CF1962 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jason Matthew Bohm, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court accepted the State's concession the trial court erred by dismissing defendant's postconviction petition when it construed defendant's petition as a successive postconviction petition.

¶ 2    On June 14, 2021, defendant, Hector U. Rosas, who was convicted of predatory criminal sexual assault of a child pursuant to a guilty plea, filed a postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). On October 4, 2021, the trial court entered an order denying defendant leave to file a successive postconviction petition, finding no objective factor hampered defendant's ability to raise his claims in a prior petition.

¶ 3    Defendant appeals, arguing his postconviction petition qualified as a nonsuccessive postconviction petition. The State concedes the trial court erred when it construed defendant's petition as a successive postconviction petition and agrees this court should reverse

and remand. We accept the State's concession and reverse and remand for second-stage postconviction proceedings.

¶ 4                                    I. BACKGROUND

¶ 5          In October 2014, defendant pleaded guilty to predatory criminal sexual assault of a child, a Class X felony (720 ILCS 5/12-14.1(a)(1) (West 2012)). In November 2014, defendant, while represented by counsel, filed a *pro se* motion to withdraw his guilty plea. On December 1, 2014, the trial court sentenced defendant to 30 years' imprisonment. On January 9, 2015, defense counsel filed an amended motion to withdraw guilty plea or, in the alternative, reconsider the sentence. On January 14, 2015, the court held a hearing on defendant's motion and denied it. Defendant appealed, and this court dismissed the appeal because counsel failed to timely file a motion to withdraw defendant's guilty plea. *People v. Rosas*, 2017 IL App (4th) 150040-U, ¶ 25.

¶ 6          On April 23, 2017, defendant filed a *pro se* postconviction petition. On November 1, 2018, defendant, with the assistance of counsel, filed an amended postconviction petition alleging ineffective assistance of plea counsel for failing to timely file a motion to withdraw defendant's guilty plea. On January 24, 2019, after a hearing, the court concluded post plea counsel was ineffective for failing to timely file a motion to withdraw defendant's guilty plea. In its written order, the court denied in part and granted in part defendant's postconviction petition. The court denied defendant's request to withdraw his guilty plea and order a new trial, but granted defendant leave to file a late Rule 604(d) motion and a late notice of appeal. Defendant appealed, and on March 20, 2020, this court reversed and remanded with instructions to permit defendant to file a new posttrial motion. *People v. Rosas*, 2020 IL App (4th) 190090-U, ¶ 23. We provided the following instructions:

"If defendant does not prevail on the new posttrial motion, he may file a notice of appeal, which would proceed as though he were on direct appeal from the trial court's ruling for the very first time. This remedies trial counsel's ineffective performance by allowing the trial court jurisdiction to hear and decide defendant's posttrial motion. Consequently, it will cloak this court with jurisdiction over that ruling on appeal, preserving defendant's constitutional right to direct appeal in accordance with [*People v. Ross*, 229 Ill. 2d 255, 269, 891 N.E.2d 865, 874 (2008)]." *Rosas*, 2020 IL App (4th) 190090-U, ¶ 23.

¶ 7 On September 11, 2020, defendant, through counsel, filed an amended motion to withdraw his guilty plea and to reconsider his sentence. Defendant asserted various claims, including the sentence failed to comply with the Illinois Constitution, the sentence was excessive, and the trial court failed to adequately consider defendant's potential for rehabilitation and lack of criminal history. After a hearing, the court denied defendant's motion, concluding defendant was not forced to plead guilty. The court also denied defendant's motion to reconsider his sentence. Defendant appealed, and this court affirmed. *People v. Rosas*, 2021 IL App (4th) 200508-U, ¶ 28 (finding the trial court did not abuse its discretion in sentencing defendant to 30 years' imprisonment).

¶ 8 On June 14, 2021, defendant filed the present *pro se* postconviction petition. Defendant argued (1) he was unconstitutionally arrested and questioned by police after he invoked his right to counsel while officers threatened and coerced him; (2) the prosecutors engaged in prosecutorial misconduct by agreeing to dismiss Champaign County case No. 14-CF-128, but used those facts at the sentencing hearing; (3) he was denied the right to contact the Peruvian consulate; (4) he was not advised he would be deported upon the completion of his

sentence; (5) he was denied effective assistance of plea counsel; and (6) counsel on direct appeal was ineffective for failing to raise the aforementioned issues.

¶ 9 On October 4, 2021, the trial court issued a written order denying defendant leave to file a successive postconviction petition. The court indicated, "In 2018, [defendant] filed his first post-conviction petition[.] [Defendant] has now filed a second post-conviction petition[.] While he does not seek leave to file a successive post-conviction petition, even if he did his request would be denied." Moreover, the court concluded defendant could not "demonstrate either cause or prejudice for these previously submitted and rejected claims," and with respect to any newly alleged deficiencies, "[t]here was no 'objective factor that impeded' [defendant's] ability to raise these claims during the initial post-conviction proceedings."

¶ 10 This appeal followed.

¶ 11 II. ANALYSIS

¶ 12 Defendant argues the trial court erred by treating his June 14, 2021, postconviction petition as a successive petition because it qualified as a non-successive postconviction petition due to this court's reinstatement of defendant's rights to pursue a motion to withdraw his plea and a direct appeal. The State concedes the trial court erred in treating defendant's postconviction petition as a successive postconviction petition. We accept this concession and remand for further second-stage postconviction proceedings.

¶ 13 The Act provides a mechanism for a criminal defendant to challenge his conviction or sentence based on a substantial violation of federal or state constitutional rights. *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1074-75 (2010). A proceeding under the Act is a collateral proceeding and not an appeal from the defendant's conviction and sentence. *People v. Beaman*, 229 Ill. 2d 56, 71, 890 N.E.2d 500, 509 (2008). Once the defendant

- 4 -

files a petition for postconviction relief, the trial court may, during the first stage of the proceedings, enter a dismissal order within 90 days if it finds the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2020). A petition is frivolous or patently without merit where it has "no arguable basis either in law or in fact, relying instead on an indisputably meritless legal theory or a fanciful factual allegation." (Internal quotation marks omitted.) *People v. Boykins*, 2017 IL 121365, ¶ 9, 93 N.E.3d 504.

¶ 14　　　　The Act contemplates the filing of only one postconviction petition. *People v. Pitsonbarger*, 205 Ill. 2d 444, 459, 793 N.E.2d 609, 621 (2002). A defendant must obtain leave from the trial court in order to file a successive petition under the Act. 725 ILCS 5/122-1(f) (West 2020). "[O]ur supreme court has further held that the Act affords every imprisoned defendant one complete opportunity to show a substantial denial of his constitutional rights." (Internal quotation marks omitted.) *People v. Little*, 2012 IL App (5th) 100547, ¶ 20, 977 N.E.2d 902. "[W]here a defendant files an initial postconviction petition seeking only to reinstate the right to a direct appeal that was lost due to counsel's ineffectiveness, a subsequent petition is not a successive petition for purposes of section 122-1(f)." *People v. Little*, 2012 IL App (5th) 100547, ¶ 19.

¶ 15　　　　Whether a postconviction petition is an original or successive petition is a question of law we review *de novo*. *People v. Taylor*, 2022 IL App (2d) 190951, ¶ 17.

¶ 16　　　　Here, defendant's June 14, 2021, petition was not a successive postconviction petition. Rather, defendant's amended November 1, 2018, postconviction petition was filed to reinstate his right to a direct appeal. *Little*, 2012 IL App (5th) 100547, ¶ 21. This court's previous decision, which allowed defendant to file a new posttrial motion and preserved defendant's right to a direct appeal, restored defendant to the procedural posture he would have enjoyed had

defendant been represented by effective post plea counsel. *Rosas*, 2020 IL App (4th) 190090-U, ¶ 23; *Little*, 2012 IL App (5th) 100547, ¶ 21. Therefore, defendant was not required to obtain leave of the trial court before his June 14, 2021, postconviction petition was considered filed, nor was defendant required to satisfy section 122-1(f)'s cause-and-prejudice test. 725 ILCS 5/122-1(f) (West 2020); *Little*, 2012 IL App (5th) 100547, ¶ 21. Accordingly, consistent with the remedy in *Little*, 2012 IL App (5th) 100547, ¶ 24, we reverse the dismissal of defendant's postconviction petition and remand this case for further proceedings consistent with the Act because the court did not review defendant's June 14, 2021, postconviction petition within 90 days to determine whether it was frivolous or patently without merit. See 725 ILCS 5/122-2.1(b); *Taylor*, 2022 IL App (2d) 190951, ¶ 36; *Little*, 2012 IL App (5th) 100547, ¶ 23 ("[Section 122-2.1 of the Act] applies even if by honest mistake the trial court disposes of a postconviction petition on the erroneous belief that the petition was a successive petition brought without leave of court.").

¶ 17                                III. CONCLUSION

¶ 18            For the reasons stated, we reverse the trial court's dismissal of defendant's June 14, 2021, *pro se* postconviction petition and remand for second-stage proceedings consistent with the Act.

¶ 19            Reversed and remanded.