NOTICE
Decision filed 12/09/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230438-U

NO. 5-23-0438

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 09-CF-16 |
| | ) | |
| SCOTT P. ENDICOTT, | ) | Honorable |
| | ) | Joshua C. Morrison, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Welch[*] and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We reverse in part the circuit court's order dismissing the defendant's amended petition for postconviction relief where postconviction counsel provided unreasonable assistance. We remand for further second-stage proceedings with the appointment of new counsel.

¶ 2    The defendant, Scott P. Endicott, appeals from a judgment dismissing portions of his amended petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). The defendant argues that postconviction counsel provided unreasonable assistance of counsel when counsel did not comply with Illinois Supreme Court Rule

_____

[*]Prior to his death, Justice Welch fully participated in the decision of the court. *Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d 6, 17-19 (1992) (holding that departure of appellate judge prior to the date the clerk of the court enters disposition does not affect the disposition's validity where three judges participated in the decision and remaining two judges agree on disposition).

1

651(c) (eff. July 1, 2017) and unreasonably failed to adequately amend and support the defendant's claims. For the following reasons, we reverse in part the circuit court's order and remand for further second-stage proceedings with the appointment of new counsel.

¶ 3                                   I. BACKGROUND

¶ 4     The defendant's previous appeal set forth in great length the details of defendant's case. See *People v. Endicott*, 2018 IL App (5th) 140567-U. We recite only those facts necessary for the disposition of this appeal.

¶ 5     On July 27, 2010, the defendant pleaded guilty in an *Alford* plea to two counts of first degree murder in exchange for the State's agreement to dismiss all other pending charges. On August 24, 2010, defendant's counsel, Stewart Freeman,[1] timely filed for the defendant, a motion to withdraw guilty plea, contending the defendant was "coerced" into pleading guilty. The following day, Freeman filed a motion to withdraw as counsel. On September 1, 2010, the circuit court held a hearing on the motion to withdraw as counsel. Freeman clarified that he was alleging, at the request of the defendant, that it was the defendant's parents who "coerced" the defendant into pleading guilty. The circuit court denied the motion to withdraw as counsel and held in abeyance, until after the sentencing of the defendant, the motion to withdraw guilty plea.

¶ 6     On September 29, 2010, the defendant was sentenced to 60 years' imprisonment. The circuit court then granted Freeman's motion to withdraw as counsel and appointed new counsel to represent the defendant on his motion to withdraw guilty plea and any amendments thereto, including amendments related to sentencing.

---

[1]We note that on March 11, 2009, and March 16, 2009, the circuit court granted the defendant's motions to appoint additional counsel, capital litigation attorneys John O'Gara and Brian Trentman, respectively, pursuant to section 5 of the Code of Criminal Procedure of 1963 (725 ILCS 124/5 (West 2008)) and Illinois Supreme Court Rules 416 and 714. Trentman's representation ended on August 11, 2009, after Freeman was admitted to the capital litigation bar. O'Gara's representation ended on July 15, 2010, when the State withdrew its intent to seek the death penalty.

2

¶ 7    On June 21, 2012, the circuit court held a hearing on the defendant's amended motion to withdraw guilty plea. Attorney Stanley Brandmeyer represented the defendant. The amended motion argued that the defendant should be permitted to withdraw his guilty plea because the plea was not knowing and voluntary as (1) the defendant was under extreme mental and emotional duress, (2) the plea was the result of a misapprehension of law, (3) the plea was the result of a misapprehension of fact, and (4) defendant's prior counsel improperly induced the defendant into pleading guilty.

¶ 8    Subsequently, on July 23, 2012, the circuit court entered an order in which it denied the defendant's request to withdraw his guilty plea but allowed the defendant's sentencing hearing to be reopened, so that the defendant could present additional evidence and argument, if he so desired. On September 25, 2012, the circuit court held a second sentencing hearing at which the circuit court stated that it believed the previously imposed sentence was appropriate, and therefore reaffirmed the 60-year sentence. The defendant appealed, and in an unpublished summary order, this court vacated the circuit court's order and remanded for further proceedings because Brandmeyer failed to file a proper certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2006). *People v. Endicott*, No. 5-12-0427, ¶¶ 12-14 (2014) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 9    On remand, on October 31, 2014, Brandmeyer filed for the defendant a second amended motion to withdraw guilty plea, or in the alternative a request to modify or vacate the sentence. On November 6, 2014, the circuit court held a hearing on the motion. No additional evidence was presented, although a new argument was put forward by both the defendant and the State. Thereafter, the circuit court found as a factual matter that the defendant "never ever displayed in

3

this court any sort of indication of unfitness." The circuit court stated that, in addition to the belief of both O'Gara and Freeman that the defendant was fit,

> "[t]his [c]ourt never believed on its—on its own that there was any issue of [the defendant's] fitness. He always responded. He always appeared in court to be participating and I don't believe now that there was ever an issue of his fitness to stand trial. The defendant's motion is denied."

¶ 10    The defendant appealed, arguing that the circuit court erred because (1) the circuit court should have, *sua sponte*, ordered a fitness hearing; (2) the defendant's guilty plea was the result of ineffective assistance of plea counsel; and (3) the defendant's sentence was excessive. *Endicott*, 2018 IL App (5th) 140567-U, ¶ 39. This court determined that no credible evidence was presented to show that the defendant's depression, use of psychotropic medication, and purported attempts at self-harm impaired the defendant's capacity to understand the proceeding or assist in his defense. Thus, the defendant's claim fell short of meeting his burden, to demonstrate that a *bona fide* doubt as to his fitness existed at the time he entered his plea in this case. *Endicott*, 2018 IL App (5th) 140567-U, ¶¶ 43-44. This court also determined that the defendant's guilty plea was not the result of ineffective assistance of plea counsel, the sentence was not excessive, and the sentence did not constitute an abuse of the circuit court's discretion. *Id.* ¶¶ 45-52.

¶ 11    On July 26, 2019, prior to the filing of his *pro se* postconviction petition, the defendant filed a "Motion For Leave To File A Late Post-Conviction Petition And Disregard The Fraudulently Filed P.C (7/8/19)" and attached affidavits and other documents in support of his assertion that he was not culpably negligent in failing to timely file his postconviction petition. That motion was not ruled on by the court.

4

¶ 12    Fourteen months later, on September 28, 2020, the defendant filed a petition for postconviction relief pursuant to the Act. In the petition, the defendant acknowledged that his petition was not filed within the statutory time frames set forth in the Act but asserted that those time frames did not apply because he was raising issues of actual innocence. Despite this acknowledgement, the defendant's petition set forth three claims: (1) that he was actually innocent, (2) that he received ineffective assistance of counsel, and (3) that he was improperly admonished by the circuit court because he was not informed that he was required to register for life as a sex offender as part of his plea. The circuit court advanced the defendant's petition to the second stage and appointed counsel to represent the defendant.

¶ 13    On November 9, 2022, defendant's appointed counsel Wesley Gozia filed an amended postconviction petition. Gozia asserted that the defendant was innocent based on Valerie Schoolfield's violent past towards J.S., the deceased victim. Further, Gozia asserted that the defendant's plea counsel was ineffective where counsel (1) failed to fully investigate and locate witnesses, (2) failed to go over the investigative reports with the defendant prior to the plea, and (3) failed to have the defendant's fitness evaluated prior to him entering the plea. Gozia did not set forth any allegations establishing that the defendant was not culpably negligent for failing to timely file the petition.

¶ 14    On January 17, 2023, the State filed a motion to dismiss the amended petition. The State argued that the defendant's actual innocence claim failed because the defendant failed to provide new evidence that demonstrated a trial would have resulted in an acquittal. On January 18, 2023, the State filed an amended motion to dismiss the amended petition, adding legal citation that was left out of the original motion. Neither motion asserted that the defendant's claims were barred by the statute of limitations.

5

¶ 15    On March 10, 2023, Gozia filed a second amended postconviction petition. The second amended petition asserted the same claims as the original amended petition, but it contained additional allegations of fact. This second amended petition also did not set forth any allegations establishing that the defendant was not culpably negligent for failing to timely file the petition.

¶ 16    On March 16, 2023, the State filed a "Motion to Dismiss Portions of the Second Amended Post Conviction Petition" arguing in part that the statute of limitations contained in the Act (725 ILCS 5/122-1(c) (West 2022)) barred the defendant's claims that he received ineffective assistance of counsel and that he was improperly admonished by the circuit court. The State further argued the merits of the defendant's claims, asserting that the defendant's ineffective assistance claim, regarding the failure of plea counsel to have his fitness evaluated, was barred by *res judicata* and that the defendant's improper admonishments claim was without merit. Gozia failed to file any response to the State's assertion that two of the defendant's claims were barred by the statute of limitations. Counsel also did not file an amended petition setting forth any facts to support an argument that the defendant lacked culpable negligence for the late filing of his *pro se* postconviction petition.

¶ 17    When the State's motion was argued before the circuit court on March 31, 2023, the only argument Gozia made in response was as follows:

"We believe that Mr. Endicott did have—does have the right to make these—make these claims although in their entirety at this point in time. The actual innocence claim, some of the basis of that stems back to the effectiveness of his counsel in getting to the position that Mr. Endicott is in. Had Mr. Endicott's counsel been diligent and taken the time to go over everything with him, including the admonishments, Mr. Endicott would not have been in a position where he would have pled guilty at that point in time. So we believe that

6

everything in the—in paragraph 24 of the second amended petition is—is reasonable and—and has an access to the actual innocence claim. We ask the [S]tate's motion to dismiss portions of the—of this second amended petition be denied."

¶ 18 On May 22, 2023, the circuit court struck portions of the defendant's second amended petition contained in paragraph 24. Specifically, the court struck the defendant's claims that he received ineffective assistance from his counsel, finding the claims were untimely. The court also struck the defendant's claim that he was improperly admonished by the circuit court because the claim was untimely and lacked merit, as the issue is collateral to his conviction. Lastly, the circuit court found that the defendant's claim asserting the ineffectiveness of plea counsel for failing to seek a fitness hearing was barred by *res judicata*.

¶ 19 On May 26, 2023, an evidentiary hearing was held for the defendant's actual innocence claim. The circuit court, after hearing the evidence and arguments presented, denied the defendant's actual innocence claim and determined that the evidence presented was circumstantial, non-eyewitness testimony, and nothing presented indicated that Schoolfield committed the murder. Thereafter, the defendant filed a timely notice of appeal.

¶ 20                                II. ANALYSIS

¶ 21 On appeal, the defendant does not challenge the circuit court's denial of his claims of actual innocence at the third stage of proceedings. The defendant's notice of appeal identifies the circuit court's March 23, 2023,[2] order dismissing certain claims at the second stage, as the order being appealed. He contends that his postconviction counsel failed to provide the defendant with the reasonable level of assistance at the second stage as required by the Act, because he (1) failed to make the necessary amendments to his petition; (2) failed to include available support; and

---

[2]We note that the circuit court order dismissing portions of the defendant's claims was actually entered on May 22, 2023.

7

(3) failed "to properly frame, argue, and support" a potentially meritorious claim." We begin our analysis with an overview of some of the general principles of law applicable under the Act.

¶ 22    The Act provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated in his original trial or sentencing hearing. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). A postconviction proceeding is not an appeal from an underlying judgment, but rather a collateral attack on the judgment. *People v. Towns*, 182 Ill. 2d 491, 502 (1998). As a collateral proceeding, a postconviction proceeding allows inquiry into constitutional issues involved in the original conviction that have not been, and could not have been, adjudicated on direct appeal. *Id.*

¶ 23    The Act sets forth a three-stage process for postconviction proceedings. *People v. Little*, 2012 IL App (5th) 100547, ¶ 12. At the first stage, the circuit court independently assesses a defendant's petition and may summarily dismiss the petition if the court determines that it is frivolous or patently without merit. *Id.* However, the Act does not allow for partial summary dismissals. *People v. Turner*, 2024 IL App (2d) 210753-U, ¶ 28. If not dismissed at the first stage, the petition advances to the second stage, where counsel may be appointed, and the State may move to dismiss the petition. *Little*, 2012 IL App (5th) 100547, ¶ 12. At the second stage, the circuit court must determine whether the petition contains sufficient allegations of a constitutional violation, and if a substantial showing is made, the petition proceeds to the third stage for an evidentiary hearing. *Id.* Any fact-finding or credibility determinations will be made at the evidentiary stage, rather than the dismissal stage, of the proceedings. *People v. Coleman*, 183 Ill. 2d 366, 385 (1998).

¶ 24    When, at the second stage of proceedings, the State has filed a motion to dismiss a petition, the circuit court is concerned merely with determining whether the petition's allegations

8

sufficiently demonstrate a constitutional infirmity that would necessitate relief under the Act. *Id.* at 380. At this stage, "the defendant bears the burden of making a substantial showing of a constitutional violation" and "all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true." *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). The circuit court reviews the petition's factual sufficiency as well as its legal sufficiency in light of the circuit court record and applicable law. *People v. Alberts*, 383 Ill. App. 3d 374, 377 (2008). At a dismissal hearing, the circuit court is prohibited from engaging in any fact finding. *Coleman*, 183 Ill. 2d at 380-81. Thus, the dismissal of a postconviction petition at the second stage is warranted only when the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation. *Id.* at 382. We review *de novo* the circuit court's dismissal of a postconviction petition at the second stage. *Pendleton*, 223 Ill. 2d at 473.

¶ 25    It is well established that most petitions filed under the Act (725 ILCS 5/122-1 *et seq.* (West 2022)) are filed by *pro se* defendants with limited legal knowledge. See, *e.g.*, *People v. Allen*, 2015 IL 113135, ¶ 24. In those situations, when a petition for postconviction relief advances—as did the petition in this case—to the second stage of proceedings, a *pro se* defendant is entitled to the appointment of counsel to assist the defendant. *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 27. Appointed counsel may file an amended petition, and the State may file a motion to dismiss or an answer. *Id.* If the petition makes a substantial showing of a constitutional violation, it will be advanced to the third stage of proceedings, which ordinarily involves an evidentiary hearing on the defendant's claims. *Id.*

¶ 26    The source of the defendant's right to counsel at the second stage of proceedings is statutory rather than constitutional, and as a result, the level of assistance guaranteed is not the same as the level of assistance constitutionally mandated at trial or on direct appeal; instead, the

9

level of assistance required is reasonable assistance. *People v. Turner*, 187 Ill. 2d 406, 410 (1999). To provide reasonable assistance at the second stage of proceedings, appointed postconviction counsel is required to perform the three duties set forth in Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). Postconviction counsel must: "(1) consult with the petitioner either by mail or in person to ascertain the contentions of deprivation of constitutional rights; (2) examine the record of the trial court proceedings; and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of the petitioner's contentions." *People v. Perkins*, 229 Ill. 2d 34, 42 (2007).

¶ 27 "The filing of a Rule 651(c) certificate gives rise to a presumption that postconviction counsel provided reasonable assistance during second-stage proceedings under the Act." *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23. However, "where postconviction counsel failed to fulfill the duties of Rule 651(c), remand is required, regardless of whether the claims raised in the petition had merit." *People v. Russell*, 2016 IL App (3d) 140386, ¶ 12. In other words, "[p]ostconviction counsel's noncompliance with Rule 651(c) may not be excused on the basis of harmless error." *Id.*; *Turner*, 187 Ill. 2d at 416 (reviewing courts "will not speculate whether the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c)"). We review the question of whether postconviction counsel met his obligations under Rule 651(c) *de novo*. *Wallace*, 2018 IL App (5th) 140385, ¶ 31. If we determine that appointed postconviction counsel failed to provide reasonable assistance, we will remand for further second-stage proceedings on the petition, with new counsel to be appointed to represent the defendant on remand. *Id.* ¶ 53.

¶ 28 As we undertake our *de novo* review of whether postconviction counsel provided reasonable assistance, we remain mindful of the fact that substantial compliance with Rule 651(c)

10

is sufficient. See, *e.g.*, *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. We also remain mindful of the fact that the presumption of reasonable assistance that arises with the filing of a Rule 651(c) certificate may be rebutted by the record. *Russell*, 2016 IL App (3d) 140386, ¶ 10.

¶ 29    Here, defendant contends postconviction counsel failed to: (1) "properly frame, argue, and support [defendant's] claim that he should be permitted to withdraw his plea where he was not admonished about a severe and certain consequence of his conviction, lifetime sex offender registration," and (2) "amend [defendant's] petition to avoid the dismissal of portions of the petition as untimely." Defendant requests this court to remand for the appointment of new counsel and further second-stage proceedings.

¶ 30    First, we address the defendant's claim that postconviction counsel failed to amend his petition to avoid dismissal of his claims as untimely. As the defendant correctly notes, the Act provides for a reasonable level of assistance from appointed counsel. See, *e.g.*, *Perkins*, 229 Ill. 2d at 42. A reasonable level of assistance includes, *inter alia*, "attempting to overcome procedural bars, including timeliness, that will result in dismissal of a petition if not rebutted." *Id.* at 44. This court has held that if postconviction counsel fails to make a "routine" amendment, and if this court concludes counsel's failure "contributed directly to the dismissal of the petition without an evidentiary hearing," then "the presumption of reasonable assistance created by the filing of the certificate of compliance with Rule 651(c)" is rebutted. *Russell*, 2016 IL App (3d) 140386, ¶ 11. Moreover, "a defendant is not required to make a positive showing that his counsel's failure to comply with Rule 651(c) caused prejudice." *Id.* ¶ 12. To the contrary, if "postconviction counsel failed to fulfill the duties of Rule 651(c), remand is required, regardless of whether the claims raised in the petition had merit." *Id.* That is the case because "[p]ostconviction counsel's noncompliance with Rule 651(c) may not be excused on the basis of harmless error." *Id.*; see also

11

*Turner*, 187 Ill. 2d at 416 (reviewing court "will not speculate whether the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c)"). The proper remedy is to reverse the judgment dismissing the postconviction petition and to remand to the circuit court with directions to allow the defendant the opportunity to replead the postconviction petition with the assistance of new counsel. *Russell*, 2016 IL App (3d) 140386, ¶ 12.

¶ 31    The defendant acknowledges that his *pro se* postconviction petition was untimely, as it was filed more than a year after its due date. However, the petition proceeded to the second stage of proceedings as the defendant had claimed his actual innocence, at which time he was appointed postconviction counsel. At no time did postconviction counsel amend the defendant's petition to assert that the untimely filing was not due to the defendant's own culpable negligence. We believe such an amendment can be classified as a "routine" one for purposes of conducting an analysis pursuant to *Russell*, 2016 IL App (3d) 140386, but even if such an amendment were not, under normal circumstances, a "routine" one, in this case the State pointed the error out to postconviction counsel in the State's motion to dismiss portions of the second amended postconviction petition, contending that the statute of limitations barred the defendant's claims of ineffective assistance of counsel. Defendant's postconviction counsel did not file any response to the State's assertion regarding the statute of limitations, and he did not file an amended petition setting forth any facts supporting the argument of a lack of culpable negligence on the part of the defendant.

¶ 32    We agree with the defendant, as the State concedes, that this error of postconviction counsel demonstrates unreasonable assistance of counsel in contravention of the requirements of Rule 651(c). Accordingly, we reverse the portion of the circuit court's order that dismissed the defendant's claims as untimely at the second stage of the proceedings, and remand to the circuit

court with directions to allow the defendant the opportunity to replead the postconviction petition with the assistance of new counsel.

¶ 33    Lastly, we address defendant's claim that the record is devoid of any evidence that postconviction counsel made the necessary amendments to "adequately shape [the defendant's] claim that trial counsel was ineffective for failing to admonish him prior to his plea that he would be required to register as a sex offender for life as a result of his conviction." The State correctly argues that "the defendant was not an individual subject to such registration." As such, postconviction counsel did not provide unreasonable assistance in failing to amend the petition to assert a nonmeritorious claim.

¶ 34    To comply with the third requirement of Rule 651(c), postconviction counsel was required to shape the defendant's claims into "appropriate legal form." *People v. Johnson*, 154 Ill. 2d 227, 238 (1993). Pursuant to section 122-2 of the Act, a petition must "clearly set forth the respects in which petitioner's constitutional rights were violated" and "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2022). However, as our supreme court stated in *People v. Greer*, 212 Ill. 2d 192, 205 (2004), "[f]ulfillment of the third obligation under Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf." Moreover, "[i]f amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule." *Id.* In *Greer*, the court went on to say that the mere filing of a "frivolous or spurious" amended petition by counsel "would appear to violate the proscriptions of Supreme Court Rule 137 (155 Ill. 2d R. 137)." *Id.*

¶ 35    Here, rather than standing on the defendant's *pro se* petition, postconviction counsel filed two amended petitions, which included two of the defendant's four *pro se* contentions regarding

13

ineffective assistance of counsel. Counsel elected not to raise defendant's arguments that counsel was ineffective for failing to inform him that he was required to register for life as a sex offender, and for refusing to keep the defendant's best interests ahead of counsel's own interests. Because postconviction counsel did not include all of the claims previously raised in the defendant's *pro se* petition, we presume counsel determined that the claims raised in the amended petitions were not frivolous. See *Greer*, 212 Ill. 2d at 205 ("An attorney *** who determines that defendant's claims are meritless cannot in good faith file an amended petition on behalf of defendant.").

¶ 36    When determining whether a defendant was denied effective assistance of plea counsel, the defendant must demonstrate that their counsel's performance was deficient where it fell below an objective standard of reasonableness, and the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Meaning, "a defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v. Domagala*, 2013 IL 113688, ¶ 36 (quoting *Strickland*, 466 U.S. at 694). "A 'reasonable probability' is defined as 'a probability sufficient to undermine confidence in the outcome.' " *People v. Simpson*, 2015 IL 116512, ¶ 35 (quoting *Strickland*, 466 U.S. at 694). "A defendant must satisfy both prongs of the *Strickland* test and a failure to satisfy any one of the prongs precludes a finding of ineffectiveness." *Id.*

¶ 37    In the present case, the defendant pleaded guilty to counts V and VI in violation of both section 9-1(a)(1) and section 9-1(a)(2) of the Criminal Code of 1961 (720 ILCS 5/9-1(a)(1), (a)(2) (West 2010)) on July 27, 2010. As the State correctly noted, when the defendant was sentenced on September 29, 2010, the Sex Offender Registration Act (SORA) provided that "[a] sex offender, as defined in Section 2 of this Act, or sexual predator shall, within the time period prescribed in

14

subsections (b) and (c), register in person and provide accurate information as required by the Department of State Police." 730 ILCS 150/3(a) (West 2010). At the time of the defendant's sentencing, section 2 of SORA set forth a number of crimes, triggering offenses, and other circumstances under which an individual could be found to be a sex offender or sexual predator. *Id.* § 2(B), (E). None of these provisions are applicable to the defendant in this matter. Thus, the defendant's conviction does not fall within the definition of a "sex offense," and he was not a "sex offender" under SORA as a result of his conviction in this case.

¶ 38    The defendant argues that his lifetime registration under SORA was a guaranteed condition of his plea through section 2(C-5). While subsection (C-5) provides that "[a] person at least 17 years of age at the time of the commission of the offense who is convicted of first degree murder under Section 9-1 of the Criminal Code of 1961, against a person under 18 years of age, shall be required to register for natural life" (*id.* § 2(C-5)), subsection (C-5) was not included within section 2(B), which identifies the offenses which qualify an individual to be classified as a "sex offender" requiring registration. Moreover, subsection (A) of section 2 of SORA does not mention subsection (C-5) in defining a "sex offender." *Id.* § 2(A). Had the legislature intended subsection (C-5) to be a qualifying condition requiring a lifetime registration, it would have been included in section 2(B).

¶ 39    Thus, because the defendant was not required to register under SORA, his plea counsel did not render ineffective assistance under the first prong of the *Strickland* test for failing to admonish him of a SORA registry requirement. Therefore, because the defendant has failed to establish the first prong of the *Strickland* test, we need not evaluate his claim under the second prong of *Strickland*. We therefore agree with the State that postconviction counsel did not demonstrate unreasonable assistance of counsel when postconviction counsel elected to not to raise the

15

defendant's argument that plea counsel was ineffective for failing to inform him that he was required to register for life as a sex offender, because the defendant's *pro se* claim lacked merit as he is not required to register as a sex offender based on his 2010 conviction of two counts of first degree murder.

¶ 40                                       III. CONCLUSION

¶ 41    For the foregoing reasons, we reverse in part the order of the circuit court of Clinton County's dismissal of the petition, and we remand for further second-stage proceedings with new counsel for claims not subject to *res judicata*. We deny defendant's claim of unreasonable assistance of postconviction counsel for failing to include a claim of ineffective assistance of counsel based on plea counsel's failure to admonish the defendant of a requirement to register as a sex offender because the defendant's *pro se* claim lacked merit as he is not required to register as a sex offender based on his 2010 conviction of two counts of first degree murder. We direct both appellate counsel to provide copies of their briefs to circuit court counsel (including new postconviction counsel) and to the circuit court. *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37. We reiterate that it is well established that postconviction counsel is prohibited from amending a petition to advance claims in the circuit court that counsel determines are frivolous and patently without merit. See, *e.g.*, *Greer*, 212 Ill. 2d at 209. Illinois courts of review have made it clear what counsel must do if, after the circuit court advances a petition to the second stage because the circuit court believes that the petition is not frivolous or is not patently without merit, and counsel subsequently determines that it is. See, *e.g.*, *People v. Kuehner*, 2015 IL 117695, ¶¶ 20-22, 24, 27; see also, *e.g.*, *People v. Dixon*, 2018 IL App (3d) 150630, ¶¶ 21-22 (if counsel finds claims in petition are frivolous or patently without merit, the appropriate procedure is to stand on *pro se* petition or seek to withdraw as counsel). We remind new postconviction counsel of these principles

of law and admonish new counsel to adhere to them when considering what claims, if any, may be advanced in this case.

¶ 42     Reversed in part and remanded with directions.