NOTICE

Decision filed 05/20/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250203-U

NO. 5-25-0203

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Saline County. |
| | ) | |
| v. | ) | No. 16-CF-55 |
| | ) | |
| KEVIN A. JOHNSON, | ) | Honorable |
| | ) | Melissa A. Presser, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Presiding Justice Cates and Justice Bollinger concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Dismissal of amended postconviction petition is reversed, and cause is remanded for further second-stage proceedings with new counsel, because defendant did not receive reasonable assistance of postconviction counsel where counsel failed to make necessary amendments to defendant's *pro se* postconviction petition.

¶ 2    In this appeal from the second-stage dismissal of his amended postconviction petition, defendant, Kevin A. Johnson, contends this court must reverse the dismissal and remand for further proceedings with new appointed counsel, because he did not receive reasonable assistance of postconviction counsel. The State has filed a confession of error in which it concedes that the dismissal must be reversed and this cause must be remanded for further proceedings. For the reasons that follow, we agree with the parties. We therefore reverse the judgment of the circuit

1

court of Saline County that dismissed defendant's petition and remand for further second-stage proceedings with new counsel.

¶ 3                                  I. BACKGROUND

¶ 4     On October 2, 2017, following a bench trial, defendant was convicted of three counts of criminal sexual assault, in violation of section 11-1.20(a)(3) of the Criminal Code of 2012 (720 ILCS 5/11-1.20(a)(3) (West 2016)), and two counts of aggravated criminal sexual abuse, in violation of section 11-1.60(b) (720 ILCS 5/11-1.60(b) (West 2016)). *People v. Johnson*, 2022 IL App (5th) 180371-U, ¶¶ 4, 22. On March 17, 2022, his convictions and sentences were affirmed on direct appeal. *Johnson*, 2022 IL App (5th) 180371-U, ¶ 72. On January 9, 2019, while his direct appeal was pending, defendant filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). In his *pro se* petition, defendant alleged "deprivations of his constitutional rights" based upon issues related to "(1) mental health fitness, (2) ineffective assistance of counsel, (3) testimony, (4) impact statements, and (5) sentencing." On March 18, 2019, the trial court found the *pro se* petition stated the gist of a constitutional claim, and therefore advanced the *pro se* petition to the second stage of proceedings and appointed counsel to represent defendant.

¶ 5     On July 11, 2024, more than two years after the completion of defendant's direct appeal process, defendant's present postconviction counsel (counsel) filed the amended postconviction petition (petition) that is the subject of this appeal. Therein, counsel raised various claims that were based upon facts that were contained in the record on appeal, but that were not raised in defendant's direct appeal. Included among these claims were claims based upon alleged ineffective assistance of trial counsel, although counsel did not allege ineffective assistance of appellate counsel for failure to raise the claims in defendant's direct appeal. Counsel also raised claims in the petition

2

that were based upon matters outside of the record, including additional claims of ineffective assistance of trial counsel, although counsel did not attach affidavits or other documents in support of many of these claims, did not explain the absence of said supporting documents, and did not allege ineffective assistance of appellate counsel for failure to raise the claims in defendant's direct appeal. With the petition, counsel filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), which stated that counsel had (1) met with defendant in person to ascertain his contentions, (2) examined the record of the proceedings at defendant's bench trial, and (3) made the necessary amendments to defendant's *pro se* petition for the adequate presentation of defendant's contentions.

¶ 6     On August 26, 2024, the State filed a motion to dismiss the petition. Therein, the State argued that the claims raised by defendant in the petition were "either waived or barred by the doctrine of *res judicata*," and that the petition was "devoid of any well-plead [*sic*] allegations of a constitutional violation." On November 22, 2024, a hearing was held on the State's motion, during which counsel raised arguments orally in addition to those she included in the petition, including that appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel claims in defendant's direct appeal, and that trial counsel had an actual conflict of interest during the time she represented defendant at trial. In response to questioning from the trial court, counsel conceded that she did not have supporting documentation for some of her claims. Near the conclusion of the hearing, the State argued that the trial court should not consider counsel's new claims of ineffective assistance of appellate counsel, because those claims were not included in the petition. The trial court thereafter stated that it would take the State's motion to dismiss under advisement.

3

¶ 7    On February 14, 2025, the trial court issued a written order in which it granted the State's motion to dismiss the petition. The trial court noted that a number of claims in the petition could have been brought on direct appeal, but were not, and therefore were procedurally barred by waiver or forfeiture. The trial court also noted that a number of "claims were not supported by the trial record, accompanying affidavits, or any other documentation, and fail[ed] to show a substantial violation of constitutional rights." The trial court also ruled that the ineffective assistance of trial counsel claims were "apparent from the facts found in the record and could have been argued on appeal, but were not," which meant that the claims were forfeited. Forfeiture notwithstanding, the trial court considered the substance of the ineffective assistance of trial counsel claims and found each claim to be without merit. The trial court addressed the conflict of interest claim argued by counsel at the hearing, concluding that there was "a lack of supporting evidence" for the claim. The trial court did not address, at all, the ineffective assistance of appellate counsel claims that were argued by counsel at the hearing, but that were not included in the petition. This timely appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9    The Act allows a defendant to collaterally attack a final judgment and is not a substitute for a direct appeal. *People v. Edwards*, 2012 IL 111711, ¶ 21. The Act provides a three-stage process whereby a convicted defendant may assert that in the proceedings which resulted in the defendant's conviction, there was a substantial denial of the defendant's constitutional rights. See, *e.g.*, *People v. Addison*, 2023 IL 127119, ¶ 18. During the first stage of postconviction proceedings, the defendant has a "low threshold" and need only provide sufficient facts to present the gist of a constitutional claim. *People v. Brown*, 236 Ill. 2d 175, 184 (2010). During the second stage, the legal sufficiency of the postconviction petition is tested. *People v. Domagala*, 2013 IL 113688,

4

¶ 35. The State may file an answer or move to dismiss at this stage. 725 ILCS 5/122-5 (West 2022). The postconviction petition is dismissed if the defendant fails to make a substantial showing of a constitutional violation through the petition and attached documentation. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). A postconviction petition dismissal at the second stage is reviewed *de novo*. *People v. Sanders*, 2016 IL 118123, ¶ 31. "Additionally, when the issue concerns the proper interpretation of a supreme court rule, our review is *de novo*." *Addison*, 2023 IL 127119, ¶ 17.

¶ 10    In postconviction proceedings, the defendant has a statutory, rather than constitutional, right to counsel. 725 ILCS 5/122-4 (West 2022); *People v. Turner*, 187 Ill. 2d 406, 410 (1999). The Act requires postconviction counsel to provide a "reasonable level of assistance." *Turner*, 187 Ill. 2d at 410. Illinois Supreme Court Rule 651(c) imposes specific duties on postconviction counsel to ensure that a reasonable level of assistance has been provided. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). Rule 651(c) provides as follows:

> "The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 11    Filing a Rule 651(c) certificate creates a rebuttable presumption of reasonable assistance. *Addison*, 2023 IL 127119, ¶ 21. "The defendant bears the burden of overcoming that presumption by showing that postconviction counsel did not substantially comply with the strictures of the rule." *Addison*, 2023 IL 127119, ¶ 21. One way a defendant may overcome this presumption is by demonstrating that postconviction counsel did not make all the necessary amendments to a *pro se* petition, including those amendments necessary to overcome any procedural bars. *Addison*, 2023 IL 127119, ¶ 21. For example, when a defendant asserts claims that could have been raised on direct appeal, but were not, the defendant can avoid the procedural bar of forfeiture by casting the

5

claims as ineffective assistance of appellate counsel for failing to raise the issues on direct appeal. *Addison*, 2023 IL 127119, ¶ 23. The failure to allege ineffective assistance of appellate counsel when necessary to overcome forfeiture results in a "clear" violation of Rule 651(c). *Addison*, 2023 IL 127119, ¶ 27. In addition, when the trial court has advanced a *pro se* petition to the second stage of proceedings because the petition states the gist of a meritorious constitutional claim, and appointed postconviction counsel identifies claims worth pursuing but fails to shape the claims into proper legal form, there has not been reasonable assistance of postconviction counsel as required by Rule 651(c). *Addison*, 2023 IL 127119, ¶ 26. The failure to comply with Rule 651(c) is not subject to a harmless error analysis; accordingly, if for any reason postconviction counsel fails to meet their duties under Rule 651(c), a remand is necessary, regardless of the petition's merit. *Addison*, 2023 IL 127119, ¶¶ 33-42. When a case is remanded due to unreasonable assistance of counsel, new postconviction counsel must be appointed on remand. See, *e.g.*, *People v. Schlosser*, 2017 IL App (1st) 150355, ¶ 36.

¶ 12    In this case, defendant contends counsel failed to comply with Rule 651(c) and provide reasonable assistance of counsel, because she (1) made amendments to the petition that weakened defendant's hearsay argument by omitting the legal foundation for the argument, even though the foundation was included in defendant's *pro se* petition; (2) raised multiple arguments for the first time at the hearing on the State's motion to dismiss, rather than including them in writing in the petition, in violation of clear precedent that requires contentions to be presented in writing to be in compliance with Rule 651(c); (3) failed to allege ineffective assistance of appellate counsel to overcome the procedural bar of forfeiture with regard to many of defendant's claims, including the ineffective assistance of trial counsel claims; and (4) failed to attach affirmative evidentiary

support, such as sworn affidavits or other documentation, for many of the claims that were based upon facts outside the record, and failed to explain the absence of said supporting documentation.

¶ 13    As noted above, the State has filed a confession of error, wherein the State concedes that counsel did not provide reasonable assistance to defendant because she failed to amend the petition to allege ineffective assistance of appellate counsel, which the State agrees was a necessary amendment to overcome the procedural bar of forfeiture. The State expressly states that "[a]lthough defendant raises other complaints with *** counsel's assistance, concession on this issue requires the ultimate remedy requested by defendant." Accordingly, the State agrees with defendant that the dismissal of the petition must be reversed, and that this cause must be remanded for further second-stage proceedings with new counsel appointed to represent defendant.

¶ 14    We agree with the parties that although counsel filed a Rule 651(c) certificate that created a rebuttable presumption of compliance with the rule, that presumption is overcome in this case because counsel failed to amend the petition to allege ineffective assistance of appellate counsel, a routine and necessary amendment to overcome the procedural bar of forfeiture. See, *e.g.*, *Addison*, 2023 IL 127119, ¶ 21 (defendant may overcome presumption created by filing of certificate by demonstrating postconviction counsel did not make all necessary amendments to *pro se* petition, including those amendments necessary to overcome procedural bars). As noted above, the failure to comply with Rule 651(c) is not subject to a harmless error analysis, which means that if for any reason postconviction counsel fails to meet their duties under Rule 651(c), a remand is necessary, regardless of the petition's merit. *Addison*, 2023 IL 127119, ¶¶ 33-42. Accordingly, although we take no position on the merits of defendant's claims, we agree with the parties that this cause must be remanded for further second-stage proceedings.

¶ 15                                    III. CONCLUSION

¶ 16    For the foregoing reasons, we reverse the judgment of the circuit court of Saline County that dismissed defendant's amended petition and remand for further second-stage proceedings with new counsel. We direct both appellate counsel to provide copies of their briefs to circuit court counsel (including new postconviction counsel) and to the circuit court. See, *e.g.*, *People v. Endicott*, 2025 IL App (5th) 230438, ¶ 40.

¶ 17    Reversed and remanded for further proceedings with new counsel.